**CITY OF HOUSTON, Relator**

v.

**The Honorable Eugene CHAMBERS, Judge, 215th Judicial District Harris County, Texas, Respondent.**

**No. C14–95–00054-CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 13, 1995.

Andrea Chan, Houston, for relator.

Edward Blizzard, Houston, G. Thomas Allison, III, Longview, A. David Carlson, Houston, for respondent.

Before YATES, FOWLER, and CANNON *, JJ.

## OPINION

CANNON, Justice (Assigned).

In this original proceeding, the City of Houston (the City), relator, urges this court to issue a writ of mandamus to the 215th Judicial District Court directing that court to set aside the portion of its order signed December 19, 1994, entered in trial court cause number 93–23318, styled *Elwood Scott, Jr. and Earline T. Scott v. White GMC Trucks of Houston, Inc.; Volvo GM Heavy Truck Corporation; Maxon Compactor Corporation; Maxon Industries, Inc.; Maxon Refuse, Inc.; and Maxon Refuse Chassis Corp.*, ordering the City and Kameron K. Searle to pay $967.80 in court reporter fees as sanctions. On January 20, 1995, we granted leave to file the petition for writ of mandamus. We now conditionally grant the writ.

This original mandamus proceeding arises out of a suit filed by Elwood Scott, Jr. and Earline Scott against White GMC Trucks of Houston, Inc.; Volvo GM Heavy Truck Cor-

poration; Maxon Compactor Corporation; Maxon Industries, Inc.; Maxon Refuse, Inc.; and Maxon Refuse Chassis Corp.[1] in the 215th Judicial District. Mr. Scott brought suit alleging he was injured because of modifications made on the side-loader garbage truck on which he worked. Because Mr. Scott was injured during the course and scope of his employment, he received worker's compensation benefits and could not bring suit against his employer, the City. However, the Scotts did file suit against various corporations involved with the manufacture and modification of the truck that allegedly caused Mr. Scott's injuries.

In a separate action, Wonda Jones, as representative of the Estate of Roy Clyde Pickett and as Next Friend of Olivia Pickett and Patrick Pickett, brought a related wrongful death suit against the City; Guillermo Antonio Shaw; White GMC Trucks of Houston, Inc.; Maxon Compactor Corporation; and Maxon Refuse, Inc. Roy Clyde Pickett was killed, in the course and scope of his employment with the City, in an incident also involving a side-loader garbage truck. Ms. Jones filed her suit in the 190th Judicial District. On February 12, 1994, the 190th Judicial District abated Ms. Jones suit until the appellate courts determined the constitutionality of the new Texas Workers' Compensation Act.[2]

In September of 1994, the Maxon defendants noticed the depositions of several witnesses employed by the City. The notices of intent to take deposition used the cause numbers in Mr. Scott's suit and Ms. Jones' suit. The City moved to quash the depositions in both the 215th Judicial District and the 190th Judicial District. In response, the plaintiffs in both cases and the defendants filed a response, a motion to compel, and a motion for sanctions.

In a hearing on December 18, 1994, the 215th Judicial District Court heard the City's

---

* The Honorable Bill Cannon sitting by assignment.

1. For brevity's sake, GMC Trucks of Houston, Inc. and Volvo GM Heavy Truck Corporation will be referred to as the truck defendants. Maxon Compactor Corporation; Maxon Industries, Inc.; Maxon Refuse, Inc.; and Maxon Refuse Chassis Corp. will be referred to as Maxon.

2. On February 9, 1995, the Texas Supreme Court found the new Act did not facially violate the Texas Constitution's guarantees of open courts, due course of law, equal protection, jury trial, and obligation of contract. *Texas Workers' Compensation Commission v. Garcia*, 893 S.W.2d 504, 510–11 (Tex.1995).

motion to quash, denied the motion, and in open court, awarded sanctions of $975.50 based on claims by the Scotts, the truck defendants, and the Maxon defendants that the City had abused the discovery process and violated TEX.R.CIV.P. 13. The sanctions were to be paid as court reporter fees. On December 19, 1994, the trial court signed an order denying the motion to quash, granting the motion to compel, and imposing $967.80 in sanctions against the City.

On January 18, 1995, the City filed a motion for leave to file petition for writ of mandamus in this court. In that motion, the City asked us to direct the trial court to set aside that portion of its order imposing sanctions against the City and Kameron K. Searle. The City argued that a trial court is not permitted to impose sanctions against a nonparty to a lawsuit. We granted relator's motion on January 20, 1995.

■ In reviewing a petition for writ of mandamus, the court must determine whether: (1) the relator has an adequate remedy by appeal; and (2) the trial court abused its discretion in entering the order complained of. *Plaza Court, Ltd. v. West*, 879 S.W.2d 271, 275 (Tex.App.—Houston [14th Dist.] 1994, orig. proceeding). The burden of showing an abuse of discretion, as well as the inadequacy of a remedy by appeal, is on the party seeking the writ of mandamus. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex.1994).

■ Mandamus will not issue if the relator has an adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Mandamus is intended to be an extraordinary remedy available only in limited circumstances. *Id.* A writ will issue only if the situation is one of manifest and urgent necessity. *Id.*

■ A trial court clearly abuses its discretion if it reaches a decision "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985). In other words, if a trial court acts without reference to any guiding rules or principles of law, it abuses its discretion. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). The determination of factual matters is within the sound discretion of the trial court, and the appellate court may not substitute its judgment for that of the trial court. *Walker*, 827 S.W.2d at 839. However, the appellate court's review of a trial court's determination of the law or its application of the law to the facts is much less deferential. *Id.* at 840. A trial court's failure to properly analyze or apply the law constitutes an abuse of discretion. *Id.*

■ This case presents a proper situation for mandamus review. Generally, when a trial court imposes monetary sanctions on a party, that party has an adequate remedy by appeal. *See Street v. Second Court of Appeals*, 715 S.W.2d 638, 639–40 (Tex.1986) (*per curiam*); *Stringer v. Eleventh Court of Appeals*, 720 S.W.2d 801, 802 (Tex.1986) (*per curiam*). *See also* TEX.R.CIV.P. 215(3) (sanction order imposed under rule 215 subject to appellate review from final judgment). In this case, however, the City, is not a party to the lawsuit giving rise to the sanction order and therefore, cannot bring an appeal to complain about the imposition of sanctions.[3] *Continental Casualty Co. v. Huizar*, 740 S.W.2d 429, 430 (Tex.1987) (citing *Gunn v. Cavanaugh*, 391 S.W.2d 723, 724 (Tex.1965)); *Central Mut. Ins. Co. v. Dunker*, 799 S.W.2d 334, 336 (Tex.App.—Houston [14th Dist.] 1990, writ denied). Because the City has no adequate remedy by appeal, mandamus may lie.

3. While generally an appeal is only available to parties of record, certain exceptions exist. In those instances, some special status is conferred on a person not a party to a lawsuit. *See, e.g., Jernigan v. Jernigan*, 677 S.W.2d 137 (Tex.App.—Dallas 1984, no writ) (beneficiaries not named as parties entitled to appeal when trust assets were invaded and their interest was reflected in record); *California and Hawaiian Sugar Co. v. Bunge Corp.*, 593 S.W.2d 739 (Tex.Civ.App.—

Houston [1st Dist.] 1979, writ ref'd n.r.e.) (recognizing three exceptions to general rule: class actions, will contests, and parties who come in under the doctrine of virtual representation); *Specia v. Specia*, 292 S.W.2d 818 (Tex.Civ.App.—San Antonio 1956, writ ref'd n.r.e.) (nonparty to will contest permitted right to appeal per TEX. R.CIV.P. 359, now TEX.R.APP.P. 45). None of these exceptions apply to the City in this proceeding.

Now we must determine whether the trial court abused its discretion in ordering the City, a nonparty, to pay $967.80 in court reporter's fees as sanctions. The trial court's sanction order does not state the basis for the sanctions, however, the moving parties sought sanctions only under TEX. R.CIV.P. 215 and TEX.R.CIV.P. 13. Consequently, we address whether, under those two rules, the trial court abused its discretion in awarding sanctions. Generally, rule 215 applies to sanctions imposed on "the disobedient **party**" or "the attorney advising him." TEX.R.CIV.P. 215(2)(b) (emphasis added). However, rule 215 does provide a mechanism to force deponents, even nonparty deponents, to appear at depositions. Under rule 215(2)(a), a deponent who fails to appear, be sworn, or to answer a question after being directed to by the court may be held in contempt. TEX.R.CIV.P. 215(2)(a). Thus, the only action the trial court could take in this instance would be to order the **deponents** to appear at the depositions and hold them in contempt if they refused **after being ordered to appear.** *See id.* If the trial court ordered the sanctions pursuant to rule 215(2)(a), the order is fatally flawed for two reasons. First, the City was not a deponent in this case. Thus, rule 215(a) does not apply to the City. Second, the sanction order was the only order requiring the deponents to appear for deposition. Thus, there was no prior order that the deponents could have violated so as to subject them to contempt. We therefore hold that the trial court could not impose sanctions against the City for discovery abuses under rule 215; if it did so, the entry of the sanctions was an abuse of discretion.

The parties also sought sanctions under TEX.R.CIV.P. 13. Rule 13 authorizes imposition of sanctions available under rule 215(2)(b) against an **attorney, a represented party, or both,** who file pleadings that are (1) groundless and brought in bad faith, or (2) groundless and brought to harass. *New York Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* 856 S.W.2d 194, 205 (Tex.App.—Dallas 1993, no writ); TEX. R.CIV.P. 13 (emphasis added).

By its very language, rule 13 is directed only to parties or their attorneys. *Texas Attorney General's Office v. Adams,* 793 S.W.2d 771, 775 (Tex.App.—Fort Worth 1990, no writ). It is not directed to nonparties. *See id.* Further, the rule requires that before a court imposes any sanction under rule 13 it must determine "good cause," the particulars of which **must** be stated in the sanction order. *Adams,* 793 S.W.2d at 795; TEX.R.CIV.P. 13. (emphasis added) The language of rule 13 is mandatory. In its order imposing sanctions against the City, the trial court failed to state the particular grounds constituting "good cause" for the sanctions.

The trial court could not impose sanctions against the City under rule 13 because: (1) the City is not a party; and (2) the trial court failed to state the particular grounds constituting "good cause" for the sanctions in its order. If the trial court imposed sanctions under rule 13, it abused its discretion.

Because the trial court could not impose sanctions in this case under rule 215 or rule 13, the trial court abused its discretion in imposing the sanctions. Therefore, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate that portion of its order requiring the City to pay $967.80 in court reporter's fees as sanctions. Mandamus will issue only if the trial court fails to abide by our decision.