**In re Judge Nancy WHITE.**

No. 04–07–00082–CV.

Court of Appeals of Texas,
San Antonio.

March 14, 2007.

Original Mandamus Proceeding.[1]

Donald H. Flanary, III, Stephen P. Ballantyne, Gerald H. Goldstein, Goldstein, Goldstein and Hilley, San Antonio, for appellant.

Jason M. Davis, Thompson & Knight, L.L.P., Austin, Marc F. Wiegand, Stumpf, Craddock, Massey & Farrimond, P.C., San Antonio, Joe M. Davis, Nunley Davis Jolley Cluck & Aelvoet L.L.P., Boerne, for appellee.

Sitting: CATHERINE STONE, Justice, PHYLIS J. SPEEDLIN, Justice, STEVEN C. HILBIG, Justice.

## OPINION

Opinion by STEVEN C. HILBIG, Justice.

Former Kendall County Precinct 1 Justice of the Peace Nancy White filed this petition for a writ of mandamus seeking relief from the trial court's order that she pay the cost of the court reporter services for continuation of a deposition. We conditionally grant the petition.

### FACTUAL AND PROCEDURAL BACKGROUND

In the action underlying this original proceeding, Tracy Ann Shue, individually and on behalf of the Estate of Colonel Philip Shue, sued USAA Life Insurance Company, Northwestern Mutual Life Insurance Company, Nancy L. Shue, and Jeffery Shue, alleging multiple causes of action relating to the death of Air Force Colonel Philip Shue. In December 2005, Tracy Ann Shue subpoenaed for deposition Judge Nancy White who, as part of her duties as a justice of the peace, had conducted an inquest into the death of Colonel Shue. Judge White responded to the subpoena by filing a motion to quash and for a protective order, arguing she could not be compelled to testify regarding her thought processes in making a ruling on the cause of Colonel Shue's death. The trial court denied the motion and later denied a motion for clarification of its earlier ruling.

Judge White's deposition was begun on July 20, 2006, and continued on November 10, 2006. In the course of the deposition, Judge White, following the instructions of her attorney, asserted the "mental processes" privilege and refused to answer numerous questions. Shue filed a motion to compel Judge White to answer the questions and to award Shue her expenses pursuant to Rule 215.1(d) of the Texas Rules of Civil Procedure. After a hearing on January 5, 2007, the trial court found: "there was no justifiable excuse for Judge White's failure to answer questions posed to her during her deposition;" Judge White abused the discovery process; and her conduct necessitated Shue's motion to compel and for costs. The court ordered the deposition reset, Judge White to answer the questions she had refused to answer based on her assertion of the mental processes privilege, and Judge White to pay the cost of court reporter services for continuation of the deposition.

On January 31, 2007, Judge White filed this petition for a writ of mandamus seeking relief from (1) the trial court's order

1. This proceeding arises out of Cause No. 03–271–CCL, styled *Tracy Ann Shue Individually and on Behalf of the Estate of Colonel Philip Shue v. USAA Life Insurance Company, et al.,* pending in the County Court of Law, Kendall County, Texas, the Honorable William R. Palmer presiding.

requiring her to answer questions at the deposition and (2) the trial court's order that she pay the cost of the deposition. On February 1, 2007, we denied relief from the trial court's order that Judge White answer deposition questions, but we requested a response on the issue of whether the trial court abused its discretion in ordering Judge White to pay the costs of the deposition. Shue has filed a response.

### Prerequisites for Mandamus Relief

■ "Mandamus is an extraordinary remedy, available only when a trial court clearly abuses its discretion and when there is no adequate remedy on appeal." *In re Kuntz*, 124 S.W.3d 179, 180 (Tex. 2003). Awards of expenses imposed pursuant to Texas Rule of Civil Procedure 215.1 are usually subject to review on appeal of the final judgment. *See* Tex.R. Civ. P. 215.1(d). However, subject to exceptions not applicable here, only parties of record may appeal a judgment. *See In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 723–24 (Tex.2006). Because Judge White is not a party to the underlying cause, she has no right to appeal the final judgment and a petition for a writ of mandamus is an appropriate means to challenge the trial court's order. *See City of Houston v. Chambers*, 899 S.W.2d 306, 308 (Tex.App.-Houston [14th Dist.] 1995, orig. proceeding).

■ A trial court abuses its discretion in its determination of factual issues only if the record clearly establishes the trial court "could reasonably have reached only one decision," and it failed to do so. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992); *see Kuntz*, 124 S.W.3d at 181. "In contrast, a trial court has no discretion in determining what the law is or applying the law to the facts. Therefore, a failure by the trial court to analyze or apply the law correctly, as when a discovery order conflicts with the Texas Rules of Civil Procedure, constitutes an abuse of discretion." *Kuntz*, 124 S.W.3d at 181; *see Walker*, 827 S.W.2d at 840.

### Discussion

■ Judge White argues the trial court was not authorized by the Texas Rules of Civil Procedure to sanction her by requiring her to pay the court reporter's fees to continue the deposition. We agree.

A party seeking discovery has several potential remedies under the Texas Rules of Civil Procedure when a deponent refuses to answer a deposition question. First, the discovering party may move for an order compelling an answer. Tex.R. Civ. P. 215.1(b). If the motion is granted, the trial court "shall . . . require a party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay . . . the moving party the reasonable expenses incurred in obtaining the order, including attorney fees," unless the court finds circumstances that would make an award of expenses unjust. Tex.R. Civ. P. 215.1(d). By its terms, Rule 215.1 authorizes the trial court to compel discovery and to award expenses against both party and nonparty deponents. *See id.* Second, the discovering party may move for "any sanction authorized by Rule 215.2(b)," including "an order charging all or any portion of the expenses of discovery . . . against the disobedient party or the attorney advising him." Tex.R. Civ. P. 215.1(b), 215.2(b)(2). However, Rule 215.2(b) only authorizes the trial court to impose sanctions for discovery abuses committed by "a party or an officer, director, or managing agent of a party or a person designated . . . to testify on behalf of a party." Tex.R. Civ. P. 215.2(b). Rule 215.2(b) does not authorize the trial court to impose sanctions on nonparty deponents. *See id.*

Third, if a district court has previously ordered the deponent to answer a deposition question and the deponent fails to answer, the failure may be considered a contempt of court. Tex.R. Civ. P. 215.2(a).

Shue did not seek a contempt finding in her pleadings in the trial court and she does not contend the trial court's order is authorized by its contempt power. The trial court was therefore authorized only to order Judge White to answer the questions and to pay the reasonable expenses Shue incurred in obtaining the order. *See* Tex.R. Civ. P. 215.1(d). Shue argues the cost of conducting Judge White's deposition after obtaining the order compelling Judge White to answer questions can reasonably be considered part of the "expenses incurred in obtaining the order." We disagree. The purpose of Rule 215.1(d) is to "to reimburse the movant for the expenses incurred in obtaining the order." *Blake v. Dorado,* 211 S.W.3d 429, 434 (Tex.App.-El Paso 2006, no pet.). Thus, Shue could have asked the trial court to award her the attorney's fees she incurred to prepare and file the motion to compel, attend the hearing, and prepare the order compelling discovery, as well as the filing fees and other costs associated with filing and hearing the motion. However, Rule 215.1(d) cannot reasonably be construed to include the actual cost of a deposition not yet conducted. We note that the Texas Supreme Court has expressly authorized trial courts to charge the costs and expenses of discovery against a *party* that fails to comply with discovery requests. *See* Tex.R. Civ. P. 215.2(b)(2). We find no such authority with respect to nonparties. *See Chambers,* 899 S.W.2d at 309 (holding trial court abused its discretion by ordering nonparty to pay court reporter's fees as sanctions). Accordingly, we hold the trial court abused its discretion in ordering Judge White to pay the cost of the court reporter services for continuation of the deposition.

CONCLUSION

We conditionally grant the petition for a writ of mandamus and direct the trial judge to vacate that part of his January 5, 2007 order that requires Judge Nancy White to pay the cost of the court reporter services for continuation of the deposition.