Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

**MEMORANDUM OPINION**

No. 04-08-00609-CV

**IN RE JUAN TREVINO**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Catherine Stone, Justice
              Sandee Bryan Marion, Justice
              Steven C. Hilbig, Justice

Delivered and Filed:   October 8, 2008

PETITION FOR WRIT OF MANDAMUS DENIED

In this original mandamus proceeding, relator Juan Trevino complains of one oral pretrial order and two written pretrial orders signed by the Honorable Larry Noll, presiding judge of the 408th Judicial District Court, Bexar County, Texas: (1) an order setting aside the consolidation of two competing adoptions; (2) an oral order abating relator's adoption proceeding; and (3) an order granting monetary sanctions in the form of attorneys' fees.

To be entitled to mandamus relief, a relator must show the trial court clearly abused its discretion and the relator has no adequate remedy at law. *In re Prudential*, 148 S.W.3d 124, 135 (Tex. 2004); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992). In 2006, the Texas Supreme

---

[1] This proceeding arises out of Cause No. 2008-PA-00956, pending in the 37th Judicial District Court, Bexar County, Texas, the Honorable David A. Berchelmann presiding. However, the challenged order was signed by the Honorable Larry Noll, presiding judge of the 408th Judicial District Court, Bexar County, Texas.

Court held that, "[a]lthough we have recognized that the standard's 'operative word, 'adequate', has no comprehensive definition' and demands a 'careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of the lower courts,' mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family and Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (quoting *In re Prudential*, 148 S.W.3d at 135-36).

The Texas Rules of Civil Procedure provide that "[a]ny party may intervene, subject to being stricken out by the court for sufficient cause on the motion of the opposite party . . . ." *See* TEX. R. CIV. P. 60. Relator is able to file a petition in intervention in order to join the adoption proceeding filed by real party in interest, Yolanda Zamarripa. Relator is not required to get the court's permission to intervene. *See id.* Therefore, under the facts of this case, we conclude that a petition in intervention is an adequate remedy at law.

Furthermore, relator complains of the trial court's imposition of sanctions against relator's counsel, under Texas Rule of Civil Procedure 13, which awarded $675 in attorneys' fees to Yolanda Zamarripa.[2] Generally, when a trial court imposes monetary sanctions, that party has an adequate remedy by appeal. *See Street v. Second Court of Appeals*, 715 S.W.2d 638, 639-40 (Tex. 1986) (*per curiam*); *City of Houston v. Chambers*, 899 S.W.2d 306, 308 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding). The two exceptions to this general rule are inapplicable to this case. *See Braden v. Downey*, 811 S.W.2d 922, 929 (Tex. 1991) (holding that a remedy by appeal is inadequate when the monetary sanctions threaten the party's willingness or ability to continue the litigation);

---

[2] Relator complains that the sanctions were improperly awarded against his attorney. However, the order granting sanctions is unclear whether the trial court was ordering relator or relator's counsel to pay the attorneys' fees. The order states the "Court orders atty [sic] fees in the amount $675.00 awarded to Yolanda Zamarripa. Paid w/i [sic] 30 days to atty [sic] Dennis L. Moreno." Nonetheless, in their arguments to this court, both parties agree that the trial court ordered relator's counsel to pay the attorneys' fees.

*In re White*, 227 S.W.3d 234, 236 (Tex. App.—San Antonio 2007, orig. proceeding) (holding that a remedy by appeal is inadequate when a judge is sanctioned, but is not a party of record in the underlying suit) (citing *Chambers*, 899 S.W.2d at 308). Because there is an adequate remedy by appeal with regard to the sanctions imposed on relator's counsel, relator is not entitled to mandamus relief.

Accordingly, the petition for writ of mandamus is denied. Our stay order, entered August 15, 2008, is vacated.

PER CURIAM