

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00044-CV
_____


IN RE:  JO ALICE MCCUE



Original Mandamus Proceeding




Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

Jo Alice McCue was sued in Justice Court in Hopkins County on a civil complaint. She asks this Court to issue a writ of mandamus that directs the Eighth Judicial District Court of Hopkins County, the Honorable Robert Newsome, presiding, to order the Justice of the Peace for Precinct One of Hopkins County, the Honorable Yvonne King, presiding, to permit McCue to have proceedings in that justice court transcribed by a certified court reporter. Without hearing oral argument—and without inviting a response from the real party in interest—we deny McCue's application.

In her application, McCue states, "Relator readily concedes that there is no express statute requiring a Justice of the Peace to allow for a court reporter." McCue, however, advances a policy argument that parties should be allowed to have justice court proceedings transcribed; according to her, such a policy would "favor[] transparent and honorable judicial proceedings" and "encourage[] participants to conduct themselves according to established legal procedures." She argues that forbidding the presence of a court reporter "promotes and sanctions secret courts and the determination *sub rosa* of substantial rights."

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion, or, in the absence of another statutory remedy, when

the trial court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. *Abor v. Black*, 695 S.W.2d 564, 567 (Tex. 1985). Although the right to mandamus is quite limited, the denial of a jury trial, when such a right is clearly shown, can be addressed by both appeal and mandamus. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 139 (Tex. 2004) (orig. proceeding). Additionally,

> [a] trial court abuses its discretion in its determination of factual issues only if the record clearly establishes the trial court "could reasonably have reached only one decision," and it failed to do so. "In contrast, a trial court has no discretion in determining what the law is or applying the law to the facts. Therefore, a failure by the trial court to analyze or apply the law correctly, as when a discovery order conflicts with the Texas Rules of Civil Procedure, constitutes an abuse of discretion."

*In re White*, 227 S.W.3d 234, 236 (Tex. App.—San Antonio 2007, orig. proceeding).

Relator concedes no statute requires that a court reporter be allowed to transcribe proceedings in a justice court. Moreover, relator acknowledges that justice courts are not courts of record. *State v. Alley*, 137 S.W.3d 866, 869–70 (Tex. App.—Houston [1st Dist.] 2004, pet. granted) (citing *Gano v. State*, 466 S.W.2d 730, 733 (Tex. Crim. App. 1971)), *aff'd*, 158 S.W.3d 485 (Tex. Crim. App. 2005).

McCue argues that it is in her interest to secure an accurate transcription of sworn testimony to preserve it for future use. Texas procedure provides civil litigants with an elaborate pretrial discovery scheme for obtaining and preserving witness testimony such as the taking of depositions. *See* TEX. R. CIV. P. 199.1 Further, we note that, if the justice court's ultimate ruling is thought to be erroneous, McCue is entitled to a de novo trial on appeal. *See* TEX. R. CIV. P. 574b.

3

We find no statutory rule or constitutional principle that affords McCue the right to a transcription of proceedings in justice court. Given that justice courts are not courts of record and that the Legislature has not required justice courts to permit the transcription of proceedings therein when requested by a party (even if transcribed at the party's own expense), we cannot conclude the district court abused its discretion by denying McCue's petition for writ of mandamus against the justice court. McCue's petition for mandamus from this Court against the district court is, therefore, denied.

Jack Carter
Justice

Date Submitted:    May 6, 2009
Date Decided:     May 7, 2009