**Petitions for Writ of Mandamus Granted and Corrected Memorandum Opinion filed October 16, 2025.**



In The

# Fifteenth Court of Appeals

### NO. 15-25-00031-CV

---

**IN RE NONPARTY PATIENT NO. 1, NONPARTY PATIENT NO. 2, NONPARTY PATIENT NO. 3, NONPARTY PATIENT NO. 4, NONPARTY PATIENT NO. 5, NONPARTY PATIENT NO. 6, NONPARTY PATIENT NO. 7, NONPARTY PATIENT NO. 8, NONPARTY PATIENT NO. 9, NONPARTY PATIENT NO. 10, AND NONPARTY PATIENT NO. 11, Relators**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**493rd District Court**
**Collin County, Texas**
**Trial Court Cause No. 493-07676-2024**



In The

# Fifteenth Court of Appeals

**IN RE NONPARTY PATIENT NO. 1, NONPARTY PATIENT NO. 2,
NONPARTY PATIENT NO. 3, NONPARTY PATIENT NO. 4, NONPARTY
PATIENT NO. 5, NONPARTY PATIENT NO. 6, NONPARTY PATIENT
NO. 7, NONPARTY PATIENT NO. 8, NONPARTY PATIENT NO. 9,
NONPARTY PATIENT NO. 10, AND NONPARTY PATIENT NO. 11,
Relators**

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
493rd District Court
Collin County, Texas
Trial Court Cause No. 493-08026-202**

## MEMORANDUM OPINION

A person affected by a subpoena may move for a protective order "either in the court in which the action is pending or in a district court in the county where the subpoena was served."[1] The State served subpoenas in Dallas County seeking medical records for use in its suit against two physicians in Collin County. Relators, some of the patients whose records are covered by the subpoena, moved for protection in Dallas County. Meanwhile, the Collin County district court ordered production on the subpoenas to commence. Relators now seek a writ of mandamus to compel the judge in Collin County to vacate her order. For the reasons set out below, we grant relief.

## BACKGROUND

In October 2024, the State filed suit in Collin County against Dr. May Lau alleging that she violated the Deceptive Trade Practices Act and S.B. 14[2] by

---

[1]    TEX. R. CIV. P. 176.6(e).

[2]    *See* TEX. HEALTH & SAFETY CODE §§ 161.701–.706.

"providing, prescribing, administering, or dispensing testosterone to minor patients for the purposes of transitioning their biological sex or affirming their belief that their gender identity is inconsistent with their biological sex." A few weeks later, the State filed a similar lawsuit in Collin County against Dr. M. Brett Cooper. As part of both suits, the State served subpoenas on two Dallas-area hospitals, Children's Health System of Texas and UT Southwestern Medical Center (the Hospitals). The subpoenas require the Hospitals to produce documents "relating to the care and treatment," including "medical records, billing records, psychiatry notes, and correspondence" of twenty-one patients of Dr. Lau and fifteen patients of Dr. Cooper.

In February 2025, eleven of Dr. Lau's patients and eleven of Dr. Cooper's filed substantively identical petitions for protection in Dallas County. According to the petitions, the subpoenas require production of material covered by the physician-patient and medical information privileges.[3] The patients seek an order prohibiting the Hospitals from producing the records of any patient covered by the subpoenas.

Meanwhile, the Collin County district court stated that it would soon order the Hospitals to begin producing documents under the subpoenas. The nonparty patients moved to stay production until the Dallas County district court decided their motions for protection. The Collin County district court chose not to rule on the motions immediately and entered an order requiring the Hospitals to start producing medical records. But not to the State: the order directs the Hospitals to produce the records to nonparty patients' counsel for privilege review and redactions. The court then reviews the records in camera before turning the records over to the State.

The State filed a plea to the jurisdiction asserting that sovereign immunity barred the Dallas County district court from deciding the motion for protection filed

---

3    *See* TEX. R. EVID. 509 (physician-patient privilege), 510 (medical information privilege).

by Dr. Lau's patients. The State also filed a plea in abatement arguing that the Collin County district court has dominant jurisdiction over the dispute.

Immediately before the hearing on the nonparty patients' petitions for protection, the Dallas County district court denied the plea to the jurisdiction and the plea in abatement and proceeded to hear the motions for protection. Before the hearing finished, the State announced that it had filed an interlocutory appeal from the denial of its plea to the jurisdiction, staying the proceedings. The State also filed a petition for writ of mandamus arguing that the Dallas County district court abused its discretion by denying the plea in abatement. We recently upheld both rulings in *State v. Nonparty Patient No. 1*, 2025 WL 2355380, at *1 (Tex. App.—15th Dist., Aug. 14, 2025, no pet.) (combined appeal and orig. proceeding).

On March 20, the Collin County court ordered the hospitals to produce "medical, laboratory, billing, and prescription records" from January 1, 2022, through the present for twenty-one patients.[4] The following day, both groups of nonparty patients filed mandamus petitions in this Court. The State filed substantively identical responses asserting that the March 20 Order was proper and, for the first time, that relators lack standing to challenge production of the medical records of the unrepresented patients.

## DISCUSSION

"Mandamus relief is available if the relator establishes a clear abuse of discretion for which there is no adequate appellate remedy."[5] We address each requirement in turn.

---

[4]    Upon our request, the Collins County court reduced its oral order to writing on April 8, 2025.

[5]    *In re AutoZoners, LLC*, 694 S.W.3d 219, 223 (Tex. 2024).

**A. No Abuse of Discretion**

A court abuses it discretion if it fails to correctly interpret the law or apply it to the facts before it.[6] Under Rule 176.6, a party affected by a subpoena may file a motion for protection in the court where the action is pending or a district court in the county where the subpoena was served.[7] "A person need not comply with the part of a subpoena from which protection is sought under this paragraph unless ordered to do so by the court."[8] In other words, "a motion for protective order stays a request for testimony and production of records until such time as the trial court rules on the motion."[9] Relators argue that the Collin County court abused its discretion by ordering the Hospitals to start producing while the motions for protection were still pending in the Dallas County district court.

The State responds that there was no abuse of discretion for three reasons. First, the State argues that the Dallas County district court has no power to hear the motions for protection because (1) the State has sovereign immunity and the Collin County district court has dominant jurisdiction over this dispute.[10] We addressed and rejected substantively identical arguments in *State v. Nonparty Patient No. 1*.[11] We

---

6    *In re E. Tex. Med. Ctr. Athens*, 712 S.W.3d 88, 91 (Tex. 2025).

7    *See* TEX. R. CIV. P. 176.6(e) ("A . . . person affected by the subpoena, may move for a protective order under Rule 192.6(b)—before the time specified for compliance—either in the court in which the action is pending or in a district court in the county where the subpoena was served.").

8    *Id.*

9    *In re Creuzot*, No. 05-24-00450-CV, 2024 WL 4784362, at *4 (Tex. App.—Dallas Nov. 14, 2024, orig. proceeding).

10   On June 9, 2025, after submission of this appeal on oral argument, the State notified this Court by letter that it was "no longer pursuing its sovereign immunity argument," in these two mandamus petitions and in *State v. Nonparty Patient No. 1*. According to the letter, the State is now proceeding solely on its dominant jurisdiction and standing arguments. In *State v. Nonparty Patient No. 1*, we considered sovereign immunity anyway because it is a threshold issue that implicates jurisdiction. 2025 WL 2355380, at *2 n.4. We do the same here.

11   *Id.* at *1.

concluded that a motion for protection from a subpoena "is not, in itself, a 'suit' to which sovereign immunity applies"[12] and that "the doctrine of dominant jurisdiction does not apply to the suit in Collin County as it relates to the protection proceedings in Dallas County."[13] We reject the State's arguments here for the same reasons.

The State's third argument is that relators do not have standing. The State reasons that relators only represent half of the patients about whom documents are sought but seek an order preventing the Hospitals from producing *any* documents responsive to the subpoena. The State made the same assertion in *State v. Nonparty Patient No. 1*.[14] We agreed that the nonparty patients had failed to show standing to seek protection of the documents pertaining to others.[15]

That was not the end of the analysis because the State had not raised the issue of standing until on appeal.[16] When a jurisdictional issue is not raised in the trial court, the record may show that the plaintiff did not have a "fair opportunity" to address the issue "by amending its pleadings or developing the record."[17] In those circumstances, the plaintiff is entitled to a remand unless the record reveals an "incurable jurisdictional defect."[18] We concluded that the nonparty patients did not have a fair opportunity to amend their pleadings to show that the production of documents related to unrepresented patients would injure them.[19] And we could not say on the record before us that they would be unable to establish standing if given

---

[12]    *Id.* at *4.

[13]    *Id.* at *7.

[14]    *Id*. at *4–5.

[15]    *Id.* at *4.

[16]    *Id.* at *5.

[17]    *Id.* (citing *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 96 (Tex. 2012)).

[18]    *Id.* (quoting *RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 429 (Tex. 2016)).

[19]    *Id.* at *5.

the chance.[20]

The same analysis applies here. Because the State did not argue standing in the trial court, relators had no reason to amend their pleadings or present evidence that the production of documents related to the unrepresented patients would injure them.[21] But the existing pleadings and record also do not conclusively negate standing, and we cannot say that relators would be unable to demonstrate jurisdiction given the chance. Moreover, we have already held that the group of relators who are Dr. Lau's patients are entitled to a chance to make that showing before the Dallas County district court.[22] All relators are entitled to that opportunity.

We conclude the Collin County court abused its discretion by ordering the Hospitals to produce when the motions for protection were still pending in the Dallas County district court.

## B. No Adequate Remedy

We turn next to whether relators have an adequate remedy by appeal. Although determining the adequacy of an appellate remedy is usually case-specific,[23] it "is well settled that an erroneous order requiring the production of privileged documents leaves the party claiming privilege without an adequate remedy by appeal."[24] Furthermore, relators have no right to appeal the Collin County court's order because they are nonparties.[25] Relators do not have an adequate remedy

---

[20]    *Id.*

[21]    *See McLane Champions, LLC v. Houston Baseball Partners LLC*, 671 S.W.3d 907, 913 (Tex. 2023) ("A plaintiff has standing when it is personally aggrieved").

[22]    *See State v. Nonparty Patient No. 1*, 2025 WL 2355380, at *5.

[23]    *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 137 (Tex. 2004).

[24]    *Mem'l Hosp.-The Woodlands v. McCown*, 927 S.W.2d 1, 12 (Tex. 1996); *accord In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) ("If the documents at issue are alleged to be privileged, 'mandamus is appropriate if we conclude that they are privileged and have been improperly ordered disclosed.'" (quoting *In re Living Centers of Tex., Inc.*, 175 S.W.3d 253, 256 (Tex. 2005))).

[25]    *See In re United Healthcare Ins. Co.*, 652 S.W.3d 458, 461 (Tex. App.—San Antonio 2022,

by appeal.

## CONCLUSION

We grant relators' petitions and direct the trial court to withdraw its order of March 20, 2025, to the extent it requires the Hospitals to begin producing records under the subpoenas pending resolution of the Dallas County proceedings. Our writ shall issue only if the Collins County district court refuses to comply.[26]

/s/     Scott A. Brister
Scott A. Brister
Chief Justice

Before Chief Justice Brister and Justices Field and Farris.

---

orig. proceeding); *City of Houston v. Chambers*, 899 S.W.2d 306, 308 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding). None of the narrow exceptions to the rule that nonparties may not appeal are applicable here. *See State v. Naylor*, 466 S.W.3d 783, 789 (Tex. 2015) (discussing one exception); *City of Houston*, 899 S.W.2d at 308 n.3 (discussing others).

[26]    We lift the stay imposed by our order of March 21, 2025, and clarified on April 24, 2025.