**In re Joy SUAREZ and Texas Department of Family and Protective Services, Relators.**

No. 05–08–00835–CV.

Court of Appeals of Texas, Dallas.

Aug. 26, 2008.

Michael C. Crowley, Asst. Atty. Gen., Austin, for Relator.

Kathy Austin, Law Office of Kathy Austin, Dincanville, for Real Parties in Interest.

Before Justices MOSELEY, LANG, and LANG–MIERS.

## OPINION

Opinion by Justice MOSELEY.

In this petition for writ of mandamus, relators assert the trial court abused its discretion by signing an order requiring them to pay sanctions. They assert that the order is void because they are not parties to the proceedings below, and that they are entitled to mandamus relief because they have no adequate remedy at law. We agree that the trial court's order for sanctions is void; thus, relators are entitled to relief without showing the absence of an adequate remedy at law. Accordingly, we conditionally grant the petition for writ of mandamus.

## I. Factual and Procedural Background

Relators assert that the underlying suit is a habeas corpus proceeding filed by Merryann Shelley, the mother of two minor children, seeking to regain custody of the children from their paternal grand-mother, Brenda Buckley. The relators are the Texas Department of Family and Protective Services (TDFPS), and one of its employees, Joy Suarez.

Buckley's attorney issued a subpoena duces tecum to compel Suarez to attend a hearing in the underlying case scheduled for July 10, 2007. A return of service was filed, stating that the subpoena duces tecum was personally served on Suarez at 9:40 a.m. on June 22, 2007.

Suarez failed to appear at that hearing and at two subsequent hearings, scheduled on July 12 and July 30. Thereafter, on August 13, 2007, Buckley filed a motion for sanctions against Suarez and TDFPS, "individually, jointly and severally, for failure to appear on two separate dates for two hearings" in the habeas corpus proceeding.

The record contains citations issued for Suarez and for TDFPS on August 14, 2007, informing each of them that Buckley has sued them in the underlying proceeding on August 13, 2007; each citation identifies the nature of the demand being asserted as "suit on, Motion for Sanctions etc. as show on said petition...." The "petition" appears to be the Buckley's motion for sanctions.

The motion stated that it was set for a hearing on August 22, 2007, but apparently that hearing was postponed. On October 2, 2007, relators filed a response and a brief in opposition to the motion for sanctions. The response and brief disputed whether Suarez received the subpoena for the July 10 hearing. The response and brief argued, among other things, that: relators were non-parties and thus not subject to sanctions; the rules provided for enforcement of a subpoena through contempt, not sanctions; and Buckley had not moved for contempt.

On November 16, 2007, the trial court held a hearing on Buckley's motion. The

court heard evidence as to Buckley's efforts to obtain testimony and evidence from relators, as well as other testimony about communications between Buckley's attorney and TDFPS employees concerning obtaining the presence of TDFPS employees at the hearings. We note Suarez disputed whether she received the subpoena for the July 10 hearing, although it is undisputed that TDFPS cashed the check for the witness fee accompanying that subpoena. However, because of the nature of the issues we must decide, we need not review this testimony in more detail.

On February 11, 2008, the trial court signed an order granting Buckley's motion for sanctions. The order stated that the trial court found that it had jurisdiction over the subject matter and parties; the order also stated:

> The Court finds that Ms. Suarez is a person, not an agency of the State. The Court also finds that the Department of Family and Protective and Regulatory Services failed to act in a timely and/or responsible manner. That Ms. Buckley and Ms. Shelley were required to retain counsel and each incurred attorney fees.
>
> The Court finds that Movant, BRENDA BUCKLEY's, motion should be granted. Sanctions will be imposed in the form of costs and attorneys fees incurred by Ms. Buckley.

\* \* \*

> IT IS ORDERED that sanctions over and against Joy Suarez and The Texas Department of Family and Protective Services, individually, jointly and severally, for attorney's fees, expenses, and costs of court of $3,489.00 are too (sic) be paid as follows. . . .

The order requires "Joy Suarez and The Texas Department of Family and Protective Services, individually, jointly and severally," to pay $3,000 as sanctions and an additional $489 as costs of court and expenses, to Buckley's attorney on or before 5:00 p.m. on March 1, 2008, and authorizes Buckley's attorney to enforce the order in her own name.

Relators filed a petition for writ of mandamus, complaining that the trial court's order for sanctions is void because they are non-parties and such order is an abuse of the trial court's discretion. Although we requested the real party in interest, Brenda Buckley, to file a response, she failed to do so.

## II. Standard for Mandamus

Generally, mandamus relief lies when the trial court has abused its discretion and the relator has no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex.2004) (orig.proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–42 (Tex.1992) (orig.proceeding). Additionally, mandamus will lie to correct a void order—i.e. an order that the trial court had no power or jurisdiction to render. *Urbish v. 127th Judicial Dist. Court*, 708 S.W.2d 429, 431 (Tex.1986)(orig.proceeding). If an order is void, the relator need not show it does not have an adequate appellate remedy, and mandamus relief is appropriate. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.2000) (orig.proceeding).

## III. Applicable Law

Relators argue because they are non-parties to the underlying litigation, the trial court did not have personal jurisdiction over them, and, therefore, its sanctions order is void. For a trial court to have jurisdiction over a party, the party must be properly before the court in the pending controversy as authorized by procedural statutes and rules. *In re Mask*, 198 S.W.3d 231, 234 (Tex.App.-San Antonio 2006, orig. proceeding). Generally, a trial court does not have jurisdiction to enter a

judgment or order against a respondent unless the record shows proper service of citation on the respondent, or an appearance by the respondent, or a written memorandum of waiver at the time the judgment or order was entered. *Id.* Appearing as a witness in a cause does not serve as a general appearance. *See Werner v. Colwell,* 909 S.W.2d 866, 870 (Tex.1995).

## IV. Analysis

Buckley's motion for sanctions is based on Suarez's and TDFPS's failure to appear on two separate dates for two hearings prior to August 14, 2007, the date the citations were issued for Suarez and TDFPS. It did not state the legal authority for granting sanctions against a nonparty to a proceeding, and did not cite any rule as the basis for the sanctions it sought. However, Buckley's answer to relators' response and brief in opposition to the motion for sanctions states that Buckley is asking for sanctions as a "fine" for Suarez's non-compliance with a subpoena under rule of civil procedure 176.8.

That rule, entitled "Enforcement of Subpoena," provides:

(a) *Contempt.* Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.

(b) *Proof of Payment of Fees Required for Fine or Attachment.* A fine may not be imposed, nor a person served with a subpoena attached, for failure to comply with a subpoena without proof by affidavit of the party requesting the subpoena or the party's attorney of record that all fees due the witness by law were paid or tendered.

Tex.R. Civ. P. 176.8. Thus, the rule provides for enforcement of a subpoena through contempt, not sanctions.

However, Buckley's motion did not ask the court to hold relators in contempt, the court did not indicate that it was considering holding them in contempt, and in fact the court's order did not find that relators were in contempt of court for violating rule 176 or for any other violation of the court's orders. *See* Tex. Gov't Code Ann. § 21.002 (Vernon 2004) Neither does the court's order comply with the restrictions on contempt set forth in section 21.002. Instead, the order granted Buckley's motion and entered sanctions against relators.

Although a court may sanction counsel, who are not parties to the proceedings, such sanctions are authorized by specific rules or the court's inherent power to discipline an attorney's behavior. *See* Tex.R. Civ. P. 13; 191.3; Tex.R.App. P. 52.11; *In re Bennett,* 960 S.W.2d 35, 40 (Tex.1997) (orig.proceeding). We know of no other basis for sanctioning a non-party under the rules.

■ The court did find "that it has jurisdiction over the subject matter and parties in this cause." However, it does not expressly conclude that it has jurisdiction over relators, who were not parties to the dispute below. To the extent the court found it had jurisdiction over relators as parties to litigation below, we conclude the trial court clearly erred. Even if the motion for sanctions—filed and served well after the hearings at which Suarez did not appear—could stand as an independent cause of action against relators, the trial court did not have personal jurisdiction over relators as parties to the litigation at the time they allegedly failed to comply with the subpoena. We decline to hold that a party can file a motion for sanctions against a non-party, serve the motion on the non-party with a citation informing it

that it has "been sued," and thereby subject the non-party to possible sanctions based on its alleged violation of a subpoena occurring before the sanctions motion was filed. Neither will we muddle the rules' clear provision for addressing the failure to obey a subpoena—a motion for contempt pursuant to rule 176.8.

### V.  Conclusion

We conclude the trial court acted without personal jurisdiction or authority for sanctioning non-parties, Joy Suarez and TDFPS, for allegedly violating a subpoena, and that its sanctions order is void. Because the order is void, relators need not show they do not have an adequate appellate remedy, and mandamus is appropriate. *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605. We conditionally grant the relators' petition for writ of mandamus. We direct the trial court to vacate its February 11, 2008 "Order on Motion for Sanctions" and to sign an order dismissing the motion for sanctions within thirty (30) days of the date of this opinion. A writ will issue only in the event the trial court fails to do so.