# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

June 1, 2009

The Honorable Don Allee
Kendall County Attorney
Kendall County Courthouse
201 East San Antonio Street, Suite 306
Boerne, Texas 78006-2050

Opinion No. GA-0718

Re: Authority of justice of the peace and county court at law to cause the amendment of a death certificate concerning the cause of death (RQ-0764-GA)

Dear Mr. Allee:

You ask about the authority of a justice of the peace and a county court at law to cause an amendment to a death certificate concerning the cause of death.[1] You relate that in 2005, a Kendall County justice of the peace determined that Colonel Philip Shue had committed suicide. Request Letter at 3. In 2008, in a civil suit between an individual and an insurance company, a county court at law in Kendall County issued an order that "directs the Texas Department of State Health Services, Vital Statistics Unit ["TDSHS"] to take all actions necessary to amend" Colonel Shue's death certificate to reflect "homicide" as the cause of death. *Id.* at 4. TDSHS forwarded the order to the current Kendall County justice of the peace. *Id.*

You first ask whether a justice of the peace acting under chapter 49, subchapter A of the Code of Criminal Procedure can be required to amend the death certificate concerning the cause of death. *Id.* at 1, 5. A justice of the peace conducting an inquest under chapter 49 must sign the death certificate and the medical certification concerning the circumstances of the death. TEX. CODE CRIM. PROC. ANN. art. 49.16 (Vernon 2006); TEX. HEALTH & SAFETY CODE ANN. § 193.005(e) (Vernon Supp. 2008). A justice of the peace also "may" reopen the inquest if doing so "may reveal a different cause or different circumstances of death." TEX. CODE CRIM. PROC. ANN. art. 49.041 (Vernon 2006). A registered death certificate may be amended by filing an amending certificate "to complete or correct a record that is incomplete or proved by satisfactory evidence to be inaccurate." TEX. HEALTH & SAFETY CODE ANN. § 191.028(b) (Vernon 2001). As you observe, the statutes do not provide for direct review of a justice's determinations with respect to an inquest. Request Letter at 5–6. Nevertheless, a court has held that a justice of the peace's exercise of discretion under chapter 49 of the Code of Criminal Procedure is subject to an abuse of discretion standard and, in the proper case, a writ of mandamus may issue to correct a clear abuse of discretion. *Mestiza v. De Leon*,

---

[1]*See* Request Letter at 1–2 (*available at* http://www.texasattorneygeneral.gov).

8 S.W.3d 770, 772 (Tex. App.—Corpus Christi 1999, no pet.). Thus, we cannot say as a matter of law that a justice of the peace cannot be required to amend a death certificate concerning the cause of death.

You also ask whether the county court at law had subject-matter and personal jurisdiction to issue an order to TDSHS. A determination as to the jurisdiction of a court in a particular case requires the consideration of numerous factors. 1 MCDONALD & CARLSON, TEXAS CIVIL PRACTICE § 3:10 (2d ed.2004) (discussing multiple elements of subject-matter jurisdiction). Thus, we advise generally about the issues you raise. First, you ask about the subject-matter jurisdiction of the county court at law. Texas courts have only the authority granted to them by the Texas Constitution and state statutes. *Chenault v. Phillips*, 914 S.W.2d 140, 141 (Tex. 1996).[2] Whether a court has subject-matter jurisdiction in a particular case must be determined according to the pleadings in the case. Second, you ask about the court's personal jurisdiction over TDSHS, a nonparty. Personal jurisdiction over a party may be obtained by service of process, waiver, or consent, *see Drake v. Trinity Universal Ins. Co.*, 600 S.W.2d 768, 772 (Tex. 1980). Whether a court has personal jurisdiction to issue an order to a party generally must be determined from the record. *See In re Suarez* 261 S.W.3d 880, 882–83 (Tex. App.—Dallas 2008, orig. proceeding) (holding that trial court would not have jurisdiction to enter an order against a state agency unless the record showed service of citation, appearance, or waiver). In sum, whether a court has subject-matter or personal jurisdiction to issue an order in a particular case cannot be determined without reference to the pleadings and other records of the proceedings. Thus, we cannot advise whether the county court at law had the authority to issue an order to TDSHS in this instance.

Finally, you ask broadly whether the order to TDSHS has "any force or effect over the actions of a justice of the peace." Request Letter at 8. The county court at law's order does not mention the justice of the peace, much less expressly or implicitly require the justice of the peace to do or refrain from any action. Thus, it is not likely that the order could be enforced against the justice of peace on the facts as you have explained them. *Cf. Waddell v. Huckabee*, 807 S.W.2d 455, 459 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding) (holding that court of appeals was "without authority to order a judge who is a necessary party and who is not named in the petition to vacate his order.").

---

[2]*See, e.g.,* TEX. GOV'T CODE ANN. §§ 21.001 (Vernon 2004) (court's inherent powers), 25.0003 (Vernon Supp. 2008) (general jurisdiction of county courts at law), 25.0004 (Vernon 2004) (powers of county court at law), 25.1322(a) (jurisdiction of Kendall County court at law), 26.051 (Vernon 2004) (county court writ power). *See also Meridian Hotels, Inc. v. LHO Financing P'ship.*, 97 S.W.3d 731, 737 (Tex. App.—Dallas, no pet.) (discussing authority of county court at law having expanded jurisdiction).

## S U M M A R Y

A justice of the peace's decisions in carrying out discretionary duties under chapter 49 of the Code of Criminal Procedure are subject to an abuse of discretion standard and, in the proper case, a writ of mandamus may issue to correct a clear abuse of discretion. Whether a county court at law has jurisdiction to issue an order to the Texas Department of State Health Services, Vital Statistics Unit, cannot be determined without reference to the pleadings and proceedings in the particular case. It is unlikely that a court order that is not directed to a justice of the peace could be enforced against the justice of the peace.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee