

# NUMBER 13-25-00681-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JPMORGAN CHASE BANK, N.A. D/B/A CHASE BANK

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and Fonseca**
**Memorandum Opinion by Justice Peña[1]**

By petition for writ of mandamus, relator JPMorgan Chase Bank, N.A. d/b/a Chase Bank (Chase) asserts that the trial court[2] abused its discretion by issuing a sanction and contempt order against Chase because: (1) the court lacked personal jurisdiction over

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number 2020-DCL-05416-I in the 445th District Court of Cameron County, Texas, and the respondent is the Honorable Gloria Rincones. *See id.* R. 52.2.

Chase; (2) the order lacked legal authorization and violated a statutory cap; and (3) the order was based on Chase's alleged failure to comply with an invalid subpoena. We conditionally grant the petition for writ of mandamus in part and deny it in part.

## I. BACKGROUND

The underlying lawsuit involves the ownership of two trusts. In their "Third Amended Petition," Stacy Layne Zahorsky individually and as guardian for Beth Ann Walters, and Tracy Lynn Schanbacher filed suit against Annette Pearson, Betty Bruce, Tammy LaFawn Schanbacher, Burrell L. Walters III, and Douglas F. Walters seeking a declaratory judgment regarding the ownership of the Walters 1995 Children's Trust (Children's Trust), and the Burrell L. Walters Jr. Family Trust (Family Trust). On April 18, 2023, Stacy and Tracy issued a "Notice of Intention to Take Deposition by Written Questions" to Chase along with a subpoena duces tecum requesting it to produce "A COMPLETE COPY of all financial records including signature cards, account applications, records regarding beneficiary designations and statements" for the Children's Trust under two separate bank account numbers. *See* TEX. R. CIV. P. 176, 200, 205; TEX. FIN. CODE § 59.006 (governing the discovery of customer records from financial institutions). Chase thereafter produced some but not all the requested records.

On August 10, 2023, several parties filed a motion for the appointment of a successor trustee for the Children's Trust. According to the motion, Tammy had served as its trustee but failed to comply with her duties of disclosure and committed a breach of trust. The parties requested the trial court to appoint Matthew Badders as successor trustee. By its August 28, 2023 order, the trial court removed Tammy as trustee of the Children's Trust and appointed Badders as successor trustee. Badders accepted the

2

appointment. On July 22, 2024, several of the trust beneficiaries requested Badders's assistance in obtaining information for them, including information that Chase failed to provide in response to the subpoena at issue.

On July 23, 2024, Badders's counsel sent a letter to Chase asserting that it had "failed to fully comply" with the trial court's August 28, 2023 order appointing Badders as successor trustee because, although Chase had added Badders as a trustee on the account and issued him a checkbook for the account, "[c]orrespondence continues to be delivered to the now-removed prior trustee," and "[m]ore importantly, [Chase] refuses to acknowledge valid negotiable instruments drawn on the account." Badders asserted that the consequence of this refusal "nearly resulted in a lapse of a decades-old life insurance policy in the amount of $750,000." The letter stated that:

> Officers of [Chase] are unable to provide any information beyond mention of a "litigation hold" on the account, with no explanation as to what that is, what it means for your account holder (our client, the Trustee)[,] why it is still there, or how to remove it. Instead, the most recent response from your officer at the branch on 1000 Basse Rd, San Antonio, Texas, was to the effect of "we don't have to comply with Court orders because we are not a party in that case[.]" If that truly is your organization's position on the matter, please confirm, because we can easily make [Chase] a party to the case. Then, your legal counsel will have the opportunity to explain to [the trial court] your theory on why you are not subject to [the court's] jurisdiction. We expect [the court] will disagree.
>
> Instead, we would like a written response within thirty (30) days of this correspondence as to your position on the matter. Is our client or is our client not validly authorized on the account? If not, what must be done in your opinion (reserving the right to disagree if it conflicts with Texas law) to obtain valid authorization? What is a "litigation hold" and how may it be removed so that the Trustee can close its accounts and discontinue doing business with you?
>
> Second, and equally important, the parties to the case (including your account holder, the Trustee) have requested the records identified on this enclosure through a validly-served Subpoena Duces Tecum on April 18,

3

2023. We received only a partial response. It is partial to the extent the following records are missing without explanation:

(1) Chase Account [] records from 08/01/2013–12/31/2013

(2) Chase Account [] records from 03/27/2014–06/25/2014

(3) Chase Account [] records from 11/29/2014–12/31/2014

(4) Chase Account [] records from 02/28/2015–05/31/2016

We understand that financial institutions have document retention policies; however, the production gaps do not appear consistent with a document retention policy. If we are able to obtain these records, or confirmation from Chase that these records do not exist or never existed, then court involvement on this point will not be necessary.

Chase did not respond to Badders's letter or otherwise address the foregoing matters. Accordingly, on August 27, 2024, Badders filed a "Motion to Direct [Chase] to Release Trust Assets and Issue Citation to Show Cause." This motion requested the trial court to order Chase "to cooperate with [the trial court's] prior orders, cooperate with previous discovery, and release assets of the Trust." This motion recounted, *inter alia*, that Chase had placed a "litigation hold" on the account and had refused to honor Badders' payment for the life insurance policy, and that Chase had failed to produce the Children's Trust records as requested. The motion sought to compel Chase to produce the missing financial records and to release all funds belonging to the Children's Trust. Badders further sought to sanction Chase in the amount of $6,700 for fees incurred in filing the motion, and to sanction Chase in the amount of $750,000 for contempt of court.

On February 12, 2025, the trial court held a hearing on Badders's motion. Chase asserts that notice of the hearing was served on its registered agent; however, "due to an internal miscommunication from the recipient of the notice, Chase's attorneys were unaware of the hearing and did not attend." On February 14, 2025, the trial court granted

4

Badders's motion and issued an "Order Directing [Chase] to Release Trust Assets and Order Granting Sanctions." The order states that the trial court appointed Badders as successor trustee; that Badders presented a certified copy of the appointment order to Chase; and that Chase had "failed to fully comply with the [appointment] Order, because [it] has refused to release" certain assets of the trust to Badders, causing substantial harm and risk of harm. The February 14 order recited that the clerk had issued citation to Chase on January 8, 2025; Chase was served with citation on January 16, 2025; and Chase was "in contempt of Court for its failure to fully comply with the [appointment] Order and its failure to appear and answer duly-issued and properly served citation."

The February 14 order further stated that on April 18, 2023, Chase was served with a subpoena duces tecum pursuant to Texas Rule of Civil Procedure 176; that Chase failed to fully comply with the subpoena; and that the parties made reasonable efforts to confer with Chase, yet Chase failed to fully comply with the discovery requests which constituted "a bad faith abuse of the discovery process and a refusal to comply with the [appointment] Order." The order recited that Badders had incurred reasonable and necessary attorney's fees and costs in connection with the discovery in the amount of $6,700. The order found that Chase was properly served with notice of the hearing but failed to appear or respond and had defaulted and failed to show good cause. The order required Chase to: (1) produce the discovery at issue; (2) deliver the funds in a specified account and any other funds in its possession in the name of the Children's Trust to Badders; (3) pay $6,700 to Badders as sanctions under Texas Rules of Civil Procedure 215.2(b) and 215.3; and (4) pay $750,000 to Badders "as a sanction [for] its contempt of court."

5

On December 29, 2025, Chase filed this petition for writ of mandamus. Chase also filed an emergency motion for temporary relief seeking to stay the trial court's February 14, 2025 sanction order and any further proceedings against it. We granted Chase's emergency motion, and we ordered all proceedings against Chase stayed pending the resolution of this original proceeding or further order of the Court. *See* TEX. R. APP. P 52.10. We requested the real parties in interest to file a response to the petition for writ of mandamus. *See id.* R. 52.2, 52.4, 52.8. Badders filed a response in support of the trial court's order.[3]

## II.    MANDAMUS

Mandamus relief is an extraordinary remedy available only when (1) the trial court clearly abused its discretion, and (2) the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *In re Liberty Cnty. Mut. Ins.*, 679 S.W.3d 170, 174 (Tex. 2023) (orig. proceeding) (per curiam). "A court abuses its discretion if no evidence supports the finding on which its ruling rests and if the court could reasonably have reached only a contrary conclusion." *In re AutoZoners, LLC*, 694 S.W.3d 219, 223 (Tex. 2024) (orig. proceeding) (per curiam). We conduct a "benefits-and-detriments analysis" to determine if the relator possesses an adequate remedy at law. *In re Auburn Creek Ltd. P'ship*, 655 S.W.3d 837, 843 (Tex. 2022) (orig. proceeding) (per curiam); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136–37 (Tex. 2004) (orig. proceeding).

---

[3] Chase filed a motion to strike Badders's response on grounds that it was untimely filed. Badders filed a response to the motion to strike explaining the timing of its filing. After considering the motion, the response, and the applicable law, we deny Chase's motion to strike, and we consider Badders's response on the merits.

As relevant to this case, contempt orders that do not involve confinement may be reviewed by writ of mandamus. *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding) (per curiam) (on reh'g); *In re Mittelsted*, 661 S.W.3d 639, 647 (Tex. App.— Houston [14th Dist.] 2023, orig. proceeding). Similarly, when a non-party has no right to appeal, mandamus is appropriate. *In re Monson L. Firm, LLC*, 714 S.W.3d 256, 269 (Tex. App.—Corpus Christi–Edinburg 2025, orig. proceeding); *In re United Healthcare Ins.*, 652 S.W.3d 458, 461 (Tex. App.—San Antonio 2022, orig. proceeding).

### III.   PERSONAL JURISDICTION

In its first issue, Chase asserts that the trial court abused its discretion by issuing sanctions against it because the trial court lacked jurisdiction to do so. Chase argues that it was not named and served as a party, it did not waive jurisdiction, and it did not make a general appearance in the case. Badders asserts, in contrast, that the trial court possessed jurisdiction over Chase because it is "undisputed" that Chase was served with citation in connection with the motion to show cause, and further, Chase was served with a subpoena regarding the deposition on written questions.

"Non-party witnesses stand in a different position before the court than do parties to the litigation, over whom the court has both personal and subject matter jurisdiction." *In re Berry*, 578 S.W.3d 173, 180 (Tex. App.—Corpus Christi–Edinburg 2019, orig. proceeding); *see Haas v. George*, 71 S.W.3d 904, 915 (Tex. App.—Texarkana 2002, no pet.) ("Generally, a trial judge has control over only those parties properly before the court."). "To issue a valid and binding judgment or order, a court must have both subject-matter jurisdiction over a case and personal jurisdiction over the party it purports to bind." *In re Guardianship of Fairley*, 650 S.W.3d 372, 379 (Tex. 2022). "For a trial court to have

7

jurisdiction over a party, the party must be properly before the court in the pending controversy as authorized by procedural statutes and rules." *In re Mask*, 198 S.W.3d 231, 234 (Tex. App.—San Antonio 2006, orig. proceeding). "Establishing personal jurisdiction over a party requires citation issued and served in a manner provided for by law." *Guardianship of Fairley*, 650 S.W.3d at 380 (quotation omitted); *see In re Tex. Prop. & Cas. Ins. Guar. Ass'n*, No. 11-25-00191-CV, 2025 WL 2412844, at *6 (Tex. App.— Eastland Aug. 21, 2025, orig. proceeding) ("Personal jurisdiction is invoked by a party's appearance before the court or by the proper service of process upon the party."); *In re Suarez*, 261 S.W.3d 880, 882–83 (Tex. App.—Dallas 2008, orig. proceeding) ("Generally, a trial court does not have jurisdiction to enter a judgment or order against a respondent unless the record shows proper service of citation on the respondent, or an appearance by the respondent, or a written memorandum of waiver at the time the judgment or order was entered.").

It is undisputed that Chase was duly served with a subpoena for a notice of deposition and subpoena duces tecum. It is also uncontested that Chase's registered agent was served with citation and the motion to show cause before the hearing on Badders's motion. The record reflects that citation was issued and served in a manner authorized by law. We therefore reject Chase's contention that the trial court lacked jurisdiction to issue the order or that the order was otherwise void due to lack of personal jurisdiction. *See Guardianship of Fairley*, 650 S.W.3d at 380; *In re Suarez*, 261 S.W.3d at 882-83; *In re Mask*, 198 S.W.3d at 234. Accordingly, we overrule Chase's first issue.

8

## IV.    SANCTIONS AND CONTEMPT

In its second issue, Chase asserts that the trial court abused its discretion by improperly sanctioning it without legal authorization and in violation of a statutory cap, and Chase ultimately asserts that the trial court lacked authority to sanction it as a non-party.[4]

### A.    Authorization

Chase contends that the cited bases for the sanction order do not support it. Chase contends that the sanction order cites Texas Rules of Civil Procedure 215.2(b) and 215.3 as grounds for the sanction, yet Badders's motion for sanctions was premised on alleged violations of Rules 215.1(b) and (c). Chase asserts that we are limited to reviewing the sanction order based only on the grounds referenced in Badders's motion. Chase's contention is founded on the general concept that the trial court has no authority to grant relief not requested by the parties. *See* TEX. R. CIV. P. 301; *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983) ("[A] party may not be granted relief in the absence of pleadings to support that relief."); *Guillory v. Dietrich*, 598 S.W.3d 284, 294 (Tex. App.—Dallas 2020, pet. denied); *see also In re S.M.G.*, No. 05-22-00937-CV, 2023 WL 3963992, at *2 (Tex. App.—Dallas June 13, 2023, no pet.) (mem. op.).

Chase's argument misconstrues the nature and breadth of Badders's motion. In the motion, Badders alleged that Chase failed to comply with the trial court's August 28, 2023 order by adding him as an additional trustee rather than a replacement trustee, by placing a litigation hold on the account, and by failing to honor the trustee's payment for the insurance policy. Badders also alleged that Chase "only partially complied" with the

---

[4] We have reorganized some of Chase's arguments in support of its second and third issues.

9

subpoena directed to it, and it "inexplicably omitted pages of records." In the motion, Badders did not merely seek sanctions against Chase for violations of Rules 215.1(b) and (c) as Chase states. Instead, Badders also explicitly sought both sanctions and contempt against Chase and expressly invoked the trial court's inherent authority to impose sanctions for bad faith abuse of the judicial process. We further note that Chase's contention also fails to consider the trial court's authority to hold it in contempt based on its failure to appear at the hearing on sanctions despite being duly served with citation. TEX. GOV'T CODE § 21.002(b). We reject Chase's narrow construction of Badders's motion.

## B.     Sanction Against a Non-Party

Chase contends that neither the rules cited by the trial court nor the rules by which Badders requested relief grant the trial court authority to sanction a non-party like Chase. We agree with Chase. The rules do not authorize the imposition of sanctions or expenses against a non-party. *In re Tex. Prop. & Cas. Ins. Guar. Ass'n*, 2025 WL 2412844, at *5 ("[W]e have found no authority permitting a trial court to sanction a non-attorney, *non-party*."); *In re Perrilloux*, No. 05-19-01584-CV, 2020 WL 2092483, at *5 (Tex. App.—Dallas May 1, 2020, orig. proceeding [mand. denied]) (mem. op.) (concluding that Rule 215.2(b) applies only to parties and Rule 215.2(c), which applies to non-parties, does not authorize the court to issue sanctions in the form of reasonable expenses and attorney's fees); *In re Suarez*, 261 S.W.3d at 883 (noting that courts may sanction counsel, who are non-parties; however "[w]e know of no other basis for sanctioning a non-party under the rules"); *In re White*, 227 S.W.3d 234, 236–37 (Tex. App.—San Antonio 2007, orig. proceeding [mand. denied]) (concluding that Rule 215.2(b) does not authorize the trial

10

court to impose sanctions on non-party deponents); *Pope v. Davidson*, 849 S.W.2d 916, 920 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding) (observing that Rule 215.2(b) does not contemplate sanctions against non-parties). Accordingly, we conclude that the trial court abused its discretion by sanctioning Chase in the amount of $6,700.

## C. Statutory Cap for Contempt Fine

The analysis is different for the $750,000 awarded to Badders "as a sanction [for Chase's] contempt of court." That is because, though non-parties may not be sanctioned for discovery violations under the cited rules, a trial court may hold a non-party in contempt of court. *See In re Tex. Prop. & Cas. Ins. Guar. Ass'n*, 2025 WL 2412844, at *5; *In re Suarez*, 261 S.W.3d at 883; *In re Prince*, No. 14-06-00895-CV, 2006 WL 3589484, at *4 (Tex. App.—Houston [14th Dist.] Dec. 12, 2006, orig. proceeding) (per curiam); *Jefa Co. v. Mustang Tractor & Equip. Co.*, 868 S.W.2d 905, 908 (Tex. App.—Houston [14th Dist.] 1994, writ denied).

Chase asserts that the trial court abused its discretion by issuing a contempt fine against it which exceeded the applicable statutory cap. Chase's contention is founded on the Texas Government Code which provides that: "The punishment for contempt of a court other than a justice court or municipal court is a fine of not more than $500 or confinement in the county jail for not more than six months, or both such a fine and confinement in jail." TEX. GOV'T CODE § 21.002(b). This provision identifies punishments allowed for criminal contempt; however, civil contempt orders are not limited by section 21.002(b). *See In re Reece*, 341 S.W.3d 360, 366 n. 9 (Tex. 2011) (orig. proceeding); *In re Mittelsted*, 661 S.W.3d at 656; *see also* TEX. GOV'T CODE § 21.002(e) (providing that section 21.002 "does not affect a court's power to confine a contemn[o]r to compel the

11

contemn[o]r to obey a court order"); *New Penn Fin. LLC v. Salvagio*, No. 09-19-00157-CV, 2021 WL 1306390, at *5 (Tex. App.—Beaumont Apr. 8, 2021, no pet.) (per curiam) (mem. op.) ("A daily coercive fine is not limited by section 21.002(b), which governs criminal contempt fines.").

The trial court's order does not state whether the contempt was civil or criminal in nature. In determining whether contempt is civil or criminal, we "examine the purpose behind the contempt order." *In re Reece*, 341 S.W.3d at 365. Civil contempt is "remedial and coercive in nature," and "the contemnor carries the keys to the jail cell in his or her pocket since the confinement is conditioned on obedience with the court's order." *Id.* On the other hand, "criminal contempt is punitive in nature—the contemnor is being punished for some completed act which affronted the dignity and authority of the court." *Id.* (quotation omitted).

Here, the trial court sanctioned Chase $750,000, payable to Badders, for contempt of court. The trial court's order was not remedial or coercive in nature, and the sanction was not conditioned upon any future performance. Rather, the trial court's order punishes Chase for its completed actions. The trial court's order was therefore criminal in nature, rather than civil. *See id.* Thus, the sanction was limited by section 21.002(b). *See In re Mittelsted*, 661 S.W.3d at 656; *New Penn Fin. LLC*, 2021 WL 1306390, at *5. Accordingly, the trial court abused its discretion by assessing a fine for contempt against Chase in excess of $500. *See In re Reece*, 341 S.W.3d at 365; *In re Mittelsted*, 661 S.W.3d at 648.

### D.    Fine Payable to Badders

Chase further asserts that the trial court erred by ordering the sanctions payable to Badders. We agree. "[C]ivil damages may not be awarded to a private party as

punishment for contempt because such damages are not a fine." *ASR 2620-2630 Fountainview, LP v. ASR 2620-2630 Fountainview GP, LLC*, 582 S.W.3d 556, 566 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *see Khan v. Valliani*, 439 S.W.3d 528, 536–37 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Accordingly, the trial court abused its discretion by ordering the sanctions payable to Badders.

## E. Summary

In terms of sanctions and contempt, we conclude that the trial court abused its discretion by sanctioning non-party Chase in the amount of $6,700. We determine that the $750,000 fine assessed against Chase for contempt exceeded the $500 amount authorized by the Texas Government Code. We further conclude that the trial court lacked authority to order a fine payable to Badders as a private litigant. Accordingly, we sustain Chase's second issue in part and overrule it in part.

## V. DISCOVERY

In its third issue, Chase contends that the trial court abused its discretion by attempting to enforce an invalid subpoena and otherwise abused its discretion regarding the discovery at issue in this case.

## A. Validity of Subpoena

Chase argues that the trial court abused its discretion by attempting to enforce an invalid subpoena that was not properly before the trial court. Chase asserts that the notice of deposition was not served ten days before the subpoena compelling production was served. *See* Tex. R. Civ. P. 205.2 ("A notice to produce documents or tangible things under Rule 205.3 must be served at least 10 days before the subpoena compelling production is served."). Chase's contention fails to recognize that the subpoena at issue

13

was propounded to it pursuant to Texas Finance Code section 59.006, which is the exclusive method to obtain the compelled discovery of customer records from a financial institution. *See* TEX. FIN. CODE § 59.006(a); TEX. CIV. PRAC. & REM. CODE § 30.007. This section prevails over the rules of procedure regarding discovery. *See* TEX. FIN. CODE § 59.006(a); TEX. CIV. PRAC. & REM. CODE § 30.007; *In re Tex. Dow Emps. Credit Union*, No. 13-24-00053-CV, 2024 WL 1301212, at *5 (Tex. App.—Corpus Christi–Edinburg Mar. 26, 2024, no pet.) (mem. op). Chase does not contend that the subpoena failed to comply with the terms of the Texas Finance Code. We reject Chase's contention that the subpoena was invalid.

## B.    Badders's Ability to Seek Relief

Chase further argues that the motion for sanctions and contempt "was not properly before the court because Badders was not a party, intervenor, or otherwise before the trial court such that he could properly file the Trustee's Motion." In support of its contention, Chase cites *Hodge v. Joyce W. Lindauer Att'y, PLLC*, No. 06-21-00008-CV, 2021 WL 4527902, at *4 n.10 (Tex. App.—Texarkana Oct. 5, 2021, no pet.) (mem. op.), which it asserts "reject[ed] the contention that a successor representative automatically steps into the shoes of a prior representative without specific legal authority providing as such."

Chase's argument exemplifies one of the reasons that it was sanctioned and held in contempt in this case: it failed to acknowledge or adhere to the trial court's August 28, 2023 order appointing Badders as a successor trustee. Specifically, as recounted in Badders's July 23, 2024 letter to Chase, Chase failed to comply with the August 28, 2023 order because it did not remove the prior trustee from the accounts, delivered

14

correspondence to the prior trustee rather than Badders, and refused to acknowledge negotiable instruments drawn on the account. The trial court's August 28, 2023 order appointing Badders as successor trustee has not been reversed or vacated. This order is "specific legal authority" establishing Badders's authority to act as representative of the trust. *See id.* We conclude that Badders's motion was properly before the trial court, and we reject Chase' contentions otherwise.

Chase further asserts that Badders lacked standing to compel compliance with the subpoena because it was issued by Stacy and Tracy. In support of this contention, Chase cites Texas Rules of Civil Procedure 176.6(d), (e), and 215.1, which refer to the "party requesting the subpoena" and the "discovering party" as those who could file a motion to compel or motion for sanctions. *See* TEX. R. CIV. P. 176.6(d), (e), 215.1. Chase also cites authority for the proposition that the party seeking discovery bears the responsibility to obtain a hearing on the issue. *See Klein & Assocs. Pol. Rels. v. Port Arthur Indep. Sch. Dist.*, 92 S.W.3d 889, 894 (Tex. App.—Beaumont 2002, pet. denied).

Chase cites no authority that stands for the proposition that Badders lacked the ability or standing to seek relief regarding the discovery at issue. *See* TEX. R. APP. P. 38.1(i). Moreover, Chase did not present this issue in the trial court proceedings. *See id.* R. 33.1. Rather, it produced documents in response to the subpoena without objection. Further, the record indicates that the parties and beneficiaries asked Badders for assistance with obtaining these records or confirming that they do not exist. And Chase's contention fails to consider that Badders motion states that he, "as trustee, has also been unable to obtain these records." We reject Chase's contentions regarding the trial court's ability to address Badders's motion or the subpoena at issue.

15

## C.    Procedure

Finally, Chase also asserts by its third issue that it was not provided with the opportunity to comply with a discovery order because the order for compliance and finding of contempt were issued in the same order. Chase's contention fails to consider that the trial court's order was premised, in part, on Chase's failure to abide by the trial court's August 28, 2023 order appointing Badders and not merely its failure to fully respond to the subpoena. Further, Chase was provided with the opportunity to respond to Badders's motion to compel the discovery at issue; however, it did not attend the trial court hearing on that matter even though it was duly cited and served. We disagree that the trial court's contempt order was issued in error for this reason.

## D.    Summary

We overrule Chase's third issue.

## V.    CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by Badders, and the applicable law, is of the opinion that Chase has met its burden to obtain mandamus relief, in part. Accordingly, we lift the stay previously imposed in this case. We conditionally grant the petition for writ of mandamus, in part, and direct the trial court to vacate that portion of its order requiring Chase to pay $6,700 to Badders. We further direct the trial court to vacate its award of $750,000 payable to Badders, and to modify its order to reflect the $500 statutory maximum fine for contempt payable to the court rather than Badders. *See, e.g.*, *In re Kozinn*, No. 03-23-00748-CV, 2024 WL 2855077, at *5 (Tex. App.—Austin June 6, 2024, orig. proceeding [mand.

16

denied]) (mem. op.). We deny all other relief sought. Our writ will issue only if the trial court fails to act promptly in accordance with this memorandum opinion.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
21st day of April, 2026.